Esther BEHR, Helen Grill, Biagina Matarrese, A. Connie Chreptyk and Daniel L. McCormick, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

DRAKE HOTEL, D.H. Venture, a partnership, Edward Ross, Jerrold Wexler, Hilton International Co., a Delaware Corporation, and Vista International (Illinois) Inc., an Illinois Corporation, Defendants.

No. 82 C 5551.

United States District Court,
N.D. Illinois, E.D.

April 24, 1984.

Anthony C. Valiulis, Jill G. Maltezos, Lawrence H. Eiger, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiffs.

Richard Robin, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Esther Behr, Helen Grill, Biagina Matarrese and Daniel McCormick sued the Drake Hotel, D.H. Venture, Edward Ross, Jerrold Wexler, Hilton International Co. and Vista International, Inc. pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq* ("ADEA"). Presently before the Court are a motion to dismiss the complaint by defendants' Venture, Ross and Wexler and plaintiffs' motion to approve class notice. For reasons set forth below, defendants' motion to dismiss is denied; plaintiffs' motion is granted in part.

### Motion to Dismiss

Defendants Venture, Ross and Wexler have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), asserting that they were not plaintiffs' "employers" under 29 U.S.C. § 630(b) after December 31, 1980. A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

29 U.S.C. § 630(b) defines employer as a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means (1) any agent of such a person...

Whether a party is an "employer" involves factual considerations such as the amount of day-to-day participation, control or supervision he or she exercises. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 618 (S.D.Tex.1979). The totality of the circumstances must be examined to determine whether an employer-employee relationship exists. *EEOC v. Rinella & Rinella*, 401 F.Supp. 175, 180 (N.D.Ill.1975).

These defendants have submitted an affidavit which asserts that they had no control, involvement, direction or responsibility for management of the Drake Hotel, including employment matters, after December 31, 1980. On that date, the Drake Hotel, its operations and management responsibilities were sublet to the Hilton International Corporation, which in turn assigned its rights to the Vista International Corporation, a wholly-owned subsidiary. They add that neither Hilton nor Vista can be considered their agent.

As a prior opinion of this Court observed, "[w]hether Defendants, or any of them, may be considered an employer under the ADEA depends on a number of considerations and is a question more appropriately addressed when the record is more complete." *Behr v. Drake Hotel*, No. 82 C 5551 slip op. at 2 (May 31, 1983) (footnote omitted). We believe that the identical conclusion is warranted at present. Plaintiffs point out that depositions of Ross and Wexler have not yet been taken. Notwithstanding defendants' affidavits, the exact nature of the relationship between Hilton, Vista and defendants remains disputed. Therefore, it is premature for this Court to consider the totality of the circumstances of plaintiffs' relationship to

these defendants. Depositions of Ross and Wexler may reveal that they participated in the affairs of the hotel after December 31, 1980.[1] Plaintiffs claim that these defendants own the hotel building and lease the real property; defendants state that Hilton's rights as sublessee include all of Venture's leasehold estate and interest in the hotel. Dismissal of the complaint as to Venture, Ross and Wexler would therefore be unwarranted at this point.

### The Motion to Approve Class Notice

Plaintiffs' complaint alleges that defendants have engaged in a course of conduct designed to discriminate against them and other Drake employees because of their age, including terminations, forced early retirement, salary reductions and displacement from previously assigned duties. Behr, Grill, Matarrese and McCormick were terminated from employment. On May 13, 1982, plaintiffs filed a timely charge of discrimination with the Equal Employment Opportunity Commission. At present, plaintiffs seek approval of a proposed class notice to be sent to potential class members, pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b).[2]

Since the ADEA incorporates the enforcement procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), the class action procedures set forth in Fed.R.Civ.P. 23 do not apply to ADEA class actions. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir.1975); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 441 (N.D.Ill. 1982); *Locascio v. Teletype Corp.*, 74 F.R.D. 108, 111 (N.D.Ill.1977). Only plaintiffs who have "opted in" to the class of ADEA plaintiffs by filing a written consent-to-join with the court are bound by the ultimate judgment. *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir.1977). Unlike Rule 23, 29 U.S.C. § 216(b) contains no provision which prohibits or permits the sending of notice to potential claimants. But the Seventh Circuit recently held that district courts have the power to authorize notice by an ADEA plaintiff or his or her counsel to potential class members. *Woods v. New York Life Insurance Co.*, 686 F.2d 578 (7th Cir.1982). The Seventh Circuit emphasized, however, that such notice may not appear on court letterhead or over the signature of a judicial officer. *Id.* at 581. Any class notice in the instant case, therefore, may not appear on judicial letterhead nor be signed by a judicial officer.

Defendants claim that class notice is not appropriate, because plaintiffs have not shown that there exists a group of employees who are similarly situated to them. They assert, *inter alia*, that the present plaintiffs were employed in different departments, in different positions and that each claim involves unique facts. Moreover, discovery to date has not revealed, in defendants' view, any general discriminatory policies or practices.

To approve an ADEA class, we must consider whether the plaintiffs are similarly situated to other employees who are potential class members. *Sussman v. Vornado, Inc.*, 90 F.R.D. 680, 684 (D.N.J. 1981). Thus, in *Sussman*, the court allowed employees who had been terminated

---

**1.** In order to resolve these issues, depositions of Ross and Wexler should be taken at the earliest possible date.

**2.** The ADEA incorporates the enforcement procedure of the Fair Labor Standards Act, 29 U.S.C. § 626(b) provides, in relevant part, that [t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section.

29 U.S.C. § 216(b) provides, in pertinent part, that

[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

in the wake of a strike to opt-in to the case. But as another court observed, plaintiffs need only show that their positions are similar; they need not be identically situated to potential class members. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D.Tex.1979). In *Allen v. Marshall Field & Co.*, 93 F.R.D. 438 (N.D.Ill.1982), defendant argued that because current plaintiffs occupied varying positions in its corporate structure at different stores and suffered alleged discriminatory actions on different dates, that they were not similarly situated to potential plaintiffs. The court rejected these arguments, holding that the plaintiffs

> alleged a campaign of discrimination by Marshall Field, which transcends minor differences in their levels of management responsibility, geographic location, and dates of alleged discriminatory actions ... the focus of a trial in this case will be the allegation that the defendant orchestrated a "campaign to rid [itself] of its older employees because of their age."

*Id.* at 443. The court added that differences in the adverse consequences individual employees suffered were relevant primarily in calculating damages.

■ We agree with the approach *Allen* adopted. Plaintiffs have alleged that defendants engaged in a course of conduct designed to discriminate against Drake employees because of their age. Plaintiffs are similarly situated to other potential class members as required by 29 U.S.C. § 216(b).

■ Defendants have raised a number of objections to the form of the proposed class notice. The most significant dispute, in our view, concerns the time periods in the class notice. Plaintiffs would send notice to all employees over age forty who were or are employed at the Drake from January 1,

1981 to the present. Defendants maintain that pursuant to 29 U.S.C. § 626(d)(2) the only potential class members who may opt in are persons whose claims arose within a 300-day period prior to the filing of charges by the present plaintiffs with the EEOC.[3] Thus, since plaintiffs filed charges with the EEOC on May 10, 1982, defendants assert that only individuals whose claims arose on or after July 18, 1981, should receive class notice. And because plaintiffs allegedly have not established a discriminatory course of conduct continuing to date, defendants argue that the time period set forth in class notice should not extend beyond April 13, 1982.

Courts have applied the 300-day period contained in 29 U.S.C. § 626(d)(2) to ADEA class actions, barring potential class members from opting into lawsuits if the allegedly discriminatory acts they suffered occurred more than 300 days prior to the filing of charges by named plaintiffs. *E.g. Frank v. Capital Cities Communications,* 509 F.Supp. 1352 (S.D.N.Y.1981); *Geller v. Markham,* 19 F.E.P. 1622, 1623 (D.Conn. 1979). But as the Seventh Circuit has observed, the time requirements in § 626(d) are not jurisdictional prerequisites to suit, but rather, are subject to equitable modification. *Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1288 (7th Cir.1978). Thus, *Kephart* held that an employer's failure to post notice of ADEA rights tolled the notice limitation in § 626(d). *Id.* at 1289.

We decline to hold, at this time, that only those potential class members whose claims arose on or after July 17, 1981, may opt into the case. Notice of this action to all potential class members is appropriate, despite the fact that we may later bar some of them from participating in this case. While factual inquiries concerning the pos-

---

**3.** According to the relevant portion of 29 U.S.C. § 626(d)

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

> (1) within 180 days after the alleged unlawful practice occurred; or
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

sibility of equitable modification of the limitation period in § 626 may be necessary, this does not preclude sending potential class members notice of the action. *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 445 (N.D.Ill.1982). A decision concerning whether plaintiffs have established a continuing course of discriminatory conduct is likewise premature, and we therefore decline to order the adoption in the class notice of the time periods urged by defendants.

Most of defendants' other objections to the form of the class notice are meritless. Limiting notice to employees who worked in only three departments of the Drake and who were fired or forced to resign because of their age would unduly limit the scope of the class. We have already determined that differences among employees with respect to employment responsibilities or discriminatory injuries suffered does not mean that they are so dissimilarly situated as to render inappropriate opting into this case. To limit notice as defendants suggest would undermine this conclusion.

Moreover, plaintiffs' proposed notice is addressed to individuals who were over forty years old as of January 1, 1981. Defendants would address the notice to only include those individuals age forty to seventy, consistent with 29 U.S.C. § 631. In the notice, plaintiffs have defined the class to include employees who were between forty and seventy as of January 1, 1981. The remaining references to the class in the notice shall be changed to include employees who were between forty and seventy as of January 1, 1981.

The parties dispute to whom the notice should be sent in another aspect. Plaintiffs would send notice to persons employed by all defendants, while defendants assert that the notice should be limited to persons who were employed by the Drake. While we denied the motion to dismiss of defendants Venture, Ross and Wexler, notice need not be sent to all employees of all these defendants. Rather, notice shall be sent to persons who presently work or worked during the relevant time periods at the Drake Hotel and who are or were employed by any of the defendants. This would thus encompass an individual who may have worked or presently works at the Drake Hotel but who was or is employed not by the Drake but by one of the other defendants.

There is no need, moreover, to include a description of defendants' counterclaim against Behr and Grill in the class notice. This information is not related to a charge of age discrimination and could conceivably intimidate potential class members from opting into the class. Finally, we agree with defendant that an additional clause shall be inserted in paragraph six of the notice. The first sentence of paragraph six shall be changed to read as follows:

> [i]f you do not file a consent form and join in this case, you will not be entitled to receive any back wages or other relief from defendants if it is determined that any plaintiffs are entitled to relief in this case.

Accordingly, the motion to dismiss of defendants Venture, Ross and Wexler is denied. Plaintiffs' motion to approve class notice is granted in part.[4] On or before June 1, 1984, defendants shall submit to plaintiffs a list of all present and former employees at the Drake Hotel who were between the ages of forty and seventy and employed by defendants on or after January 1, 1981, to the present. Plaintiffs shall submit a draft class notice in conformance with this opinion on or before June 15, 1984. This cause is set for status in open court on July 6, 1984, at 10:00 a.m. It is so ordered.

---

**4.** This opinion renders unnecessary a ruling upon plaintiffs' motion to expedite notice to the class. Any statute of limitations issues which arise due to delay in sending class notices can be resolved as they occur with respect to individual plaintiffs.