**Klaus D. KUCK, M.D., Plaintiff,**

v.

**Pamela BENSEN, M.D., and St. Mary's General Hospital, and Emergency Medicine Associates, Defendants.**

**Civ. No. 86–0060–P.**

United States District Court,
D. Maine.

Dec. 19, 1986.

E. Paul Eggert, Robert E. Mittel, Mittel & Hefferan, Portland, Me., for plaintiff.

John W. Geismar, Norman Croteau, Marshall, Raymond, Dionne, Bonneau & Gosselin, Lewiston, Me., Robert P. Cummins, Katten, Muchin, Zavis, Pearl, Greenberger & Galler, Chicago, Ill., Jonathan S. Piper, Preti, Flaherty & Beliveau, Portland, Me., for defendant St. Mary's.

Robert S. Hark, Isaacson, Hark & Epstein, William D. Robitzek, Berman, Simmons, Lewiston, Me., for defendants Bensen and EMA.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This matter comes before the Court on Plaintiff's motion to amend this Court's Memorandum of Decision and Order of October 31, 1986, 647 F.Supp. 743, and to file an amended complaint. For the reasons discussed below, the Court grants Plaintiff's motions.

Plaintiff in this case is a medical doctor whose practice consists of work in the emergency room at St. Mary's General Hospital (St. Mary's) in Lewiston, Maine. This action arises out of events that led to a reduction of Plaintiff's emergency room privileges.

Plaintiff's original complaint alleged violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2 (1982); and stated claims pursuant to state law for defamation, breach of contract, and intentional infliction of emotional distress. Plaintiff subsequently filed a First and Second Amended Complaint; the Second Amended Complaint added a cause of action for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. III 1985).[1]

---

1. The First Amended Complaint attached an ex-    hibit, First Amended Complaint, ¶ 20; restated

Approximately six months after the filing of the original complaint, during which time discovery was conducted, Defendants moved first to dismiss Plaintiff's Second Amended Complaint, and then for summary judgment.[2] On October 31, 1986, this Court issued its Memorandum of Decision and Order dismissing Plaintiff's Second Amended Complaint in its entirety and dismissing all remaining procedural motions as moot. Judgment was entered on November 3, 1986. Plaintiff now moves to amend that judgment with respect to the age discrimination and state law claims;[3] Plaintiff also seeks leave to file a Third Amended Complaint.

■ As a preliminary matter, the Court notes that Plaintiff's motion to amend the judgment, filed on November 18, 1986, is timely. A motion to amend judgment must be filed not later than ten days after entry of judgment. Fed.R.Civ.P. 59(e). In computing any time period under the Federal Rules of Civil Procedure, the day from which the designated time period runs is excluded and the last day included; in computing any period of less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded. Fed.R.Civ.P. 6(a). Following this rule, Plaintiff's motion was filed on the tenth day and is therefore timely.[4]

■ After careful consideration of all materials now submitted, the Court has determined that dismissal of the action at this time would unfairly punish Plaintiff for the shortcomings of his attorney's performance in responding to the motion. Plaintiff's counsel knew or certainly should have known that the basis for Defendant's motion to dismiss the age discrimination claim was Plaintiff's failure to allege employee status, an element essential to an ADEA claim. Plaintiff's counsel responded to the motions to dismiss and for summary judgment by a memorandum in opposition and through Plaintiff's personal affidavit. In neither submission, however, did Plaintiff specifically rebut Defendants' clearly articulated position that Plaintiff had not alleged employee status because Plaintiff could not do so based on actual facts; nor did counsel seek to amend the complaint before the Court undertook the significant effort to decide the motion on the basis of the submissions of the parties. It was Plaintiff's failure to respond with the assertion of specific facts that led the Court to dismiss the age discrimination claim: the Court, mindful that the Federal Rules of Civil Procedure require only notice pleading, Fed.R.Civ.P. 8, was also mindful of Rule 56(e)'s requirement that a party opposing a motion for summary judgment set forth specific facts to show that a genuine issue for trial exists. *See McDermott v. Lehman*, 594 F.Supp. 1315, 1320–21 (D.Me.1984).

■ Plaintiff has, after the ultimate disaster has struck, finally alleged with specificity that he is an individual covered by the ADEA. Whether or not Plaintiff is able to prove employee status at trial,[5] the

---

certain factual allegations, *id.*, ¶¶ 20, 23; stated two new causes of action, *id.*, ¶¶ 33–34; and restated two other causes of action, *id.*, ¶¶ 38, 40. The Second Amended Complaint added a claim for violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. III 1985), Second Amended Complaint, ¶¶ 1, 6, 15, 47–50; and added new factual allegations, *id.*, ¶¶ 22, 23, 41.

**2.** Defendants Bensen and Emergency Medicine Associates (EMA) informed the Court by letter that they wished to adopt and incorporate all arguments made by St. Mary's regarding the motions to dismiss and for summary judgment.

**3.** Plaintiff does not challenge the Court's dismissal of the antitrust claim. Plaintiff's Memoran-

dum Supporting His Motion to Amend the Judgment and to File an Amended Complaint, at 1 n. 1.

**4.** November 11, Veterans Day, is a legal holiday and therefore is excluded from the computation of the ten-day period.

**5.** "Whether an individual is an employee in the ADEA context is properly determined by analyzing the facts of each employment relationship under a standard that incorporates both the common law test derived from principles of agency and the so-called 'economic realities' test...." *Garrett v. Phillips Mills, Inc.*, 721 F.2d 979 (4th Cir.1983).

Court is satisfied that Plaintiff has now alleged facts sufficient to withstand a motion to dismiss or for summary judgment. *See, e.g., Behr v. Drake Hotel,* 586 F.Supp. 427 (N.D.Ill.1984) (dismissal of ADEA complaint unwarranted where record not sufficiently complete to determine whether defendants were plaintiff's "employers" within the meaning of the Act).

This Court is of the view that it should not take three separate efforts to draft an adequate complaint in a case such as this. Nor does the Court accept with total equanimity the lack of consideration for the Court shown by Plaintiff's counsel in putting the Court to the effort of reading the submissions on the motion and deciding it only to then come forward with amended allegations, which if timely made, would have obviated the need for the Court's effort. The Court now passes the question of sanctions on counsel only because of the exercise of a disciplined sense of restraint. The Court feels that, in this case, justice to the Plaintiff compels allowance of the amendment to the Court's previous judgment. For the foregoing reasons, the Court GRANTS Plaintiff's motions to amend the judgment and for leave to file an amended complaint and hereby ORDERS:

(1) That the judgment of this Court dated November 3, 1986, be, and it is hereby, VACATED except as it pertains to Plaintiff's antitrust claims, as to which the judgment of dismissal remains in effect;

(2) That Plaintiff's age discrimination and state law claims be, and they are hereby, REINSTATED, and the case will proceed to trial;

(3) That leave to file the Third Amended Complaint, as submitted to the Court in this matter, be, and it is hereby, GRANTED;

(4) That discovery in the pending matter shall be completed by February 2, 1987, and that this Order is deemed to render MOOT any and all other pending motions regarding discovery except for Plaintiff's motion for sanc-

tions for failure to comply with discovery deadlines, which is hereby DENIED.