Wilbur L. **KEPHART**,
Plaintiff-Appellant,

v.

**INSTITUTE OF GAS TECHNOLOGY**,
Defendant-Appellee.

No. 77–2055.

United States Court of Appeals,
Seventh Circuit.

Argued March 2, 1978.

Decided Aug. 24, 1978.

Arthur W. Friedman, Chicago, Ill., for plaintiff-appellant.

James W. Gladden, Jr., Chicago, Ill., for defendant-appellee.

Paul D. Brenner, U. S. Dept. of Labor, amicus curiae.

Before FAIRCHILD, Chief Circuit Judge, CUMMINGS and BAUER, Circuit Judges.

BAUER, Circuit Judge.

The central issue presented in this appeal is whether the 180-day notice requirement of the Age Discrimination in Employment Act may be tolled on equitable grounds. We hold that it may.

## I.

■ On July 15, 1976, Wilbur Kephart commenced an action against the Institute of Gas Technology, alleging that he had been discharged by IGT in violation of the Age Discrimination in Employment Act of 1967. The district court found, however, that Kephart had failed to comply with the Act's requirement that notice of intent to sue be filed within 180 days of the "alleged unlawful practice,"[1] and, on this ground, entered summary judgment for the defendant.

At the heart of the trial court's ruling was its conclusion that the 180 day notice requirement of § 626(d) is a jurisdictional prerequisite that is not subject to equitable tolling. In recent years, however, courts of appeal have generally taken the opposite view, holding § 626(d) to be more in the nature of a statute of limitation and therefore subject to equitable modification. See, e. g., Bonham v. Dresser Industries, Inc., 569 F.2d 187 (3rd Cir. 1978); Gabriele v. Chrysler Corporation, 573 F.2d 949 (6th Cir.

1978); Dartt v. Shell Oil Company, 539 F.2d 1256 (10th Cir. 1976), aff'd by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

. In reaching this result, the courts have relied principally on the "design and purposes" of the ADEA, finding both the Act's legislative history and analogies to Title VII to be of little guidance. Thus, in Bonham v. Dresser Industries, for example, the Third Circuit based its conclusion that the 180 day period is not jurisdictional on its recognition that the ADEA is

"remedial and humanitarian legislation which should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment. Circumstances may exist where, notwithstanding plaintiff's failure to comply with the letter of the law, the purposes of the statutory requirement—providing the Secretary of Labor with an opportunity to conciliate while the complaint is fresh and giving early notice to the employer of possible litigation—have been substantially served. And cases may arise where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights."

569 F.2d at 193 (citations omitted). See also Dartt, supra at 1260.

We find this view persuasive, particularly in light of the Age Discrimination in Employment Act Amendments of 1978 (Public Law 95–256, enacted April 6, 1978). Significantly, the amended version of the Act

1. 29 U.S.C. § 626(d) provides:

"No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
    (1) within one hundred and eighty days after the alleged unlawful practice occurred; or
    (2) in a case to which section 633(b) of the title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt of the individual of notice of termination of proceedings under State law, whichever is earlier."
In this connection, we note our agreement with the district court that the date of the "alleged

unlawful practice" is not affected by the continued receipt of certain employee benefits after the employee has been removed from the payroll and after he has ceased working for the employer. In this case, the plaintiff received a memorandum in late November, 1974, which informed him of his termination. He vacated his office in early December, 1974, and received his last pay check on February 21, 1975. In our view, the district court was thus quite correct in fixing the date of the "alleged unlawful practice" on February 28, 1975, the date the plaintiff was administratively removed from the payroll.

retains the 180 day filing requirement,[2] but the "Joint Explanatory Statement of the Committee of Conference" clarifies the requirement as follows:

"The conferees agree that the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act. See, e. g., *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd* by an evenly divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977); *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977)."

Conf. Re. H.R.Rep. No. 95–950, 95th Cong., 2d Sess., p. 12 (1978), U.S.Code Cong. & Admin.News 1978, p. ——. At the very least, this explanation reflects a Congressional understanding that a construction of § 626(d) which permits equitable tolling is consistent with the larger design and purposes of the Act. We conclude, therefore, that the 180 day notice requirement of the ADEA is not a strict jurisdictional prerequisite to suit in federal court and that it is thus subject to equitable modification when necessary to effect the remedial purposes of the statute.

## II.

The question thus becomes whether the plaintiff has alleged facts which, if accepted as true, are sufficient to establish an equitable basis for tolling the time limitations of § 626(d). In particular, we must decide whether Kephart's claim that IGT failed to post any notice which advised employees of the existence of the Act would, if proven at trial, provide sufficient equitable grounds for tolling the 180 day requirement. We hold that it would.

Section 627 of the Act provides:

"Every employer . . . shall post and keep posted . . . upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter."

Such notice, moreover, must be posted in a prominent place on the employer's premises. 29 C.F.R. § 850.10 (1976). It is quite apparent that Congress imposed this requirement on employers to insure that protected employees would be fully informed of their rights under the ADEA. And it is equally apparent that this end would not be realized if employers were free to breach the posting requirement without penalty. It is our conclusion, therefore, that the 180 day notice limitation of § 626(d) is tolled by the employer's failure to post conspicuously notice of ADEA rights, and that in such circumstances, the 180 day period will begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA.

Accordingly, we reverse the judgment of the district court and remand for further proceedings on the tolling question consistent with the views expressed here.

### REVERSED AND REMANDED.

---

**2.** The amended version of § 626(d) reads (with changes emphasized): .

"No civil action may be commenced by an individual under this section until *60 days after a charge alleging unlawful discrimination has been filed with the Secretary*. Such a *charge* shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 14(b) applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving such a *charge*, the Secretary shall promptly notify all persons named *in such charge* as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."