**Wilfred H. VANCE, Appellee,**

v.

**WHIRLPOOL CORPORATION, Appellant.**

**No. 81–1568.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1981.

Decided May 10, 1983.

---

David J. Parsons, Chicago, Ill. (Charles J. Griffin, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Hugh B. Campbell, Jr., Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, Charlotte, N.C., on brief), for appellant.

Samuel M. Millette, Ernest S. DeLaney, III, Charlotte, N.C. (DeLaney, Millette, DeArmon & McKnight, P.A., Charlotte, N.C., on brief), for appellee.

Before FIELD, Senior Circuit Judge, and WIDENER and SPROUSE, Circuit Judges.

FIELD, Senior Circuit Judge:

This action arises under the Age Discrimination in Employment Act of 1967

(ADEA), 29 U.S.C. §§ 621–634 (amended 1978). Wilfred H. Vance brought this suit against defendant Whirlpool Corporation (Whirlpool), alleging that Whirlpool terminated his employment in 1977 because of his age.[1] The jury returned a special verdict in favor of Vance. Whirlpool appeals from the judgment for Vance and from the district court's denial of Whirlpool's motion for judgment n.o.v. or in the alternative for a new trial. We vacate the judgment of the district court and dismiss Vance's claim with leave to refile, should Vance be so advised, at the conclusion of conciliation efforts by the Equal Employment Opportunity Commission (EEOC) pursuant to 29 U.S.C. § 626(d).

On May 3, 1977, Vance was discharged from his job with Whirlpool as a territory manager for the Builder Department of the Charlotte Sales Division. At the time of the discharge, Vance was 47 years of age. At trial, Whirlpool asserted that Vance was discharged because of his violation of a well established conflict of interest policy prohibiting the sale or solicitation of orders for non-Whirlpool products by employees while traveling on behalf of Whirlpool. Vance alleged that his discharge was part of a Whirlpool plan to purge its southeast regional sales organization of older employees by replacing them with younger persons.

At the time of the discharge and for over two years thereafter, no notice was posted in Whirlpool's Charlotte sales office setting forth information regarding the rights of employees under the ADEA as required under 29 U.S.C. § 627.[2] Although Vance learned of the ADEA in October of 1978, he asserted that he remained unaware of the possibility that he might have a cause of action under the ADEA until April 1979 when he retained legal counsel.

Vance contended at trial that the delay in learning of his rights under the ADEA rendered it impossible for him to comply with all of the time limitations for filing a charge and a private cause of action, particularly the requirement of § 626(d)(1) that such charges of discrimination be filed within 180 days of the alleged discriminatory discharge. Furthermore, he pointed out that § 626(e) of the ADEA contains a two year statute of limitations on causes of action for nonwillful violations which would have expired in Vance's case on May 2, 1979. Therefore, Vance claimed that it was impossible for him to file a civil suit within the limitations period and still bring a charge with the Secretary of Labor[3] 60 days prior to the commencement of his civil action as required by § 626(d). Faced with this dilemma, Vance decided to file suit and notify the Secretary of Labor of his charge simultaneously.

On May 3, 1979, the Charlotte Area Director of Labor wrote Whirlpool informing it of the charge and setting a conference for May 10, 1979. Whirlpool's attorney subsequently advised the Director that Vance's action in the district court precluded conciliation with the Department of Labor, and no conciliation efforts ensued. Whirlpool filed a motion for summary judgment, contending that Vance had failed to comply with the statutory mandate of the ADEA by not waiting 60 days after bringing a charge before filing suit in federal district court and by not filing his charge with the Department of Labor within 180 days of the allegedly discriminatory act. On May 13, 1980, the district court entered an order denying Whirlpool's motion.

---

1. 29 U.S.C. § 623(a)(1) provides:
    (a) It shall be unlawful for an employer—
    (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]

2. This section provides:
    Notice to be posted
    Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

3. Effective October 1, 1979, all functions vested in the Secretary of Labor pursuant to § 626 of the ADEA were transferred to the EEOC by Section 2 of the Reorganization Plan No. 1 of 1978, 43 F.R. 19807, 92 Stat. 3781, *reprinted in* 5 U.S.C.A. app. II, at 159 (Supp.1982). As the filing in this case occurred prior to the date of transfer of functions, the Secretary of Labor was the correct agency with which to file under the ADEA. For the sake of convenience, throughout this opinion we will refer to the Department of Labor as the agency empowered to enforce the ADEA. The EEOC, of course, is the agency directed to attempt conciliation in this matter pursuant to our ruling. *See Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).

The case was tried before a jury which returned a special verdict in favor of Vance. Based on the jury's verdict and its own findings, the district court entered an order on May 29, 1981, holding that the 180-day filing period of 29 U.S.C. § 626(d)(1) was equitably tolled until April of 1979 when Vance retained an attorney and acquired actual knowledge of his rights under the ADEA. The district court further found that Whirlpool was equitably estopped from asserting the 60-day conciliation period in 29 U.S.C. § 626(d) because of Whirlpool's failure to comply with its statutory duty to make Vance aware of his rights under the ADEA. The district court also determined that in any event, the statutory purpose underlying the 60-day conciliation period had been satisfied since Whirlpool was already aware of allegations of age discrimination in its Charlotte office [4] and since Whirlpool had been afforded a fair opportunity to conciliate the charge by both the Department of Labor and the district court.[5] Consequently, the district court ruled that it had jurisdiction to hear the action and entered judgment for Vance. Following the denial of its motion for judgment n.o.v., Whirlpool appealed to this Court.

Whether the 60-day waiting period of 29 U.S.C. § 626(d) is a jurisdictional prerequisite to the maintenance of a suit under the ADEA has not been addressed by the Supreme Court, nor have we had occasion to consider the question. However, the legislative history of the ADEA provides substantial insight into the nature of the 60-day notice requirement of § 626(d). The House Report on the original Act clearly indicates in three separate passages that § 626(d) requires conciliation before any legal action may be instituted. In discussing enforcement of the provisions of the ADEA, the Report stresses the integral role of conciliation under the statutory scheme in actions brought by either the Secretary or private individuals, stating

It is intended that the responsibility for enforcement vested in the Secretary by section 7, *be initially and exhaustively directed through informal methods of conciliation, conference, and persuasion and formal methods applied only in the ultimate sense.*

H.R.Rep. No. 805, 90th Cong., 1st Sess. 5, *reprinted in* [1967] U.S.Code Cong. & Ad. News 2213, 2218 (emphasis supplied). In further discussing enforcement of the ADEA, the Report states that the legislation

Directs the Secretary to attempt to secure voluntary compliance through conciliation before instituting action, and *requires* 60 days' notice to the Secretary by persons intending to file civil actions to provide time for informal methods to bring about compliance with the act.

*Id., reprinted in* [1967] U.S.Code Cong. & Ad.News 2213, 2218 (emphasis supplied). A few pages later, we read in an analysis of the bill that

Subsection (d) requires that persons intending to file civil actions under this act *must* give the Secretary of Labor 60 days' notice before doing so. During the 60-day period, the Secretary would seek to eliminate unlawful practices by informal methods of conciliation, conference, and persuasion.

*Id.* at 9, *reprinted in* [1967] U.S.Code Cong. & Ad.News 2213, 2223 (emphasis supplied). This explicit discussion of the requirement of 60 days' notice stands in sharp contrast to the absence of any mention of the 180-day charge requirement under § 626(d)(1) in the legislative history of the original Act,

---

4. The district court found that Whirlpool was aware of such allegations by virtue of an age discrimination charge filed with the Department of Labor by Vance's superior in January of 1978 and the subsequent lawsuit filed in March of 1978. *See Spagnuolo v. Whirlpool Corporation,* 641 F.2d 1109 (4 Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981). Because we rule that the district court erred in finding that the 60-day notice period may be equitably tolled, we do not reach the question raised by Whirlpool on appeal whether this earlier case was properly entered into evidence and considered by the district court.

5. The record on appeal discloses that Whirlpool steadfastly refused to engage in conciliation on the grounds that Vance's claim was time-barred and that the pending civil action precluded conciliation. Because we rule that the 60-day requirement of § 626(d) may not be equitably tolled, we do not consider whether Whirlpool's "opportunity" to conciliate, either alone or in conjunction with the other facts surrounding this case, would warrant equitable tolling.

and indicates that Congress intended conciliation efforts under § 626(d) to be a strict condition precedent to the initiation of any litigation in federal courts.

The legislative history of the 1978 amendments lends further support to this interpretation of § 626(d). The Conference Report explicitly points out that neither the 180-day requirement of § 626(d)(1) nor the conciliation requirement of § 626(b) (regarding actions initiated by the Secretary of Labor) was intended as a jurisdictional prerequisite to maintaining a cause of action under the ADEA. H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. at 12–13, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 534. However, throughout this discussion of procedural amendments to the Act no reference is made to the 60-day waiting period of § 626(d). It may reasonably be inferred that by this omission Congress intended the 60-day period to remain a jurisdictional prerequisite to the initiation of a private action, as it had indicated in the 1967 legislative history.

Finally, we note that in 1978 when Congress liberalized the requirements of § 626(d) by requiring merely that a "charge" rather than a notice of intent to sue be filed with the Secretary, Congress reiterated the fact that the notice and conciliation requirements of § 626(d) were central to the statutory scheme and stressed that these requirements remained unaltered by the amendment. The Conference Report on this point reads as follows:

> This change in language is not intended to alter the basic purpose of the notice requirement, which is to provide the Department with sufficient information so that it may notify prospective defendants and to provide the Secretary with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation. Therefore, the conferees intend that the "charge" requirement will be satisfied by the filing of a written statement which identifies the potential defendant and generally describes the action believed to be discriminatory.

H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 534. We find this passage to be a clear statement that by the 1978 amendment to § 626(d) Congress intended only to insure that failure to file a formal notice of intent to sue would not stand as a bar to relief under the ADEA. We find this excerpt to represent an equally clear statement that the 60-day notice requirement was not relaxed in any degree by the 1978 amendments, and that Congress intended to preserve the conciliation requirement as a prerequisite to the initiation of a private action under the ADEA.

We do not agree with Vance that the 60-day period and the 180-day filing period should be treated alike for the two requirements serve separate and distinct purposes. The 180-day charge requirement is more in the nature of a statute of limitations designed to preclude the maintenance of stale claims. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234, 243 (1982). On the other hand, the 60-day waiting period is an absolute period of abstention by the federal judiciary intended to enhance judicial economy by promoting the exhaustion of administrative remedies through the Department of Labor prior to the institution of a private suit. We elaborated on the function of the 60-day period in *Slatin v. Stanford Research Institute,* 590 F.2d 1292 (4 Cir.1979), where we stated

> The ADEA provides that resort must first be had to administrative remedies before a private suit may be filed. Any individual who wishes to sue under the ADEA must give the Secretary of Labor sixty (60) days notice of intent to sue. Upon receipt of such notice, the Secretary is directed to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion." 29 U.S.C. § 626(d). If such efforts fail, the Secretary may bring an action under the statute. Most significantly, the right to bring a private suit terminates upon commencement of an action by the Secretary. § 626(c). *Thus, the entire thrust of the ADEA's enforcement provision is that private lawsuits are secondary to administrative remedies and suits brought by the Secretary of Labor.*

*Id.* at 1296 (emphasis supplied). Since we view the two requirements as serving entirely distinct functions, we are unpersuaded by Vance's arguments that the 60 and 180-day requirements should be treated similarly.

Vance also relies upon two other sections of the ADEA to support his contention that the 60-day waiting period of § 626(d) is not

a jurisdictional prerequisite to a private cause of action. First, Vance looks to 29 U.S.C. § 633(b), which provides that where an alleged discriminatory action occurs in a state prohibiting age discrimination, the aggrieved employee may not file a cause of action until 60 days after proceedings have been commenced pursuant to state law. In *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the employee filed a federal, but not a state age discrimination charge. After federal conciliation efforts failed he brought suit in federal court against his former employer. Ruling that the employee's failure to file a state charge did not deprive the district court of jurisdiction, the Supreme Court ordered the district court to hold the federal suit in abeyance until the employee had filed a state charge and the state agency had been given an opportunity to entertain his grievance. *Oscar Mayer,* 441 U.S. at 764, 99 S.Ct. at 2075.

Vance derives from *Oscar Mayer* the proposition that if the 60-day waiting period associated with state administrative remedies may be modified, then the same must be true of the 60-day period concerning federal administrative remedies. However, the complainant in *Oscar Mayer* had properly exhausted his federal administrative remedies, and the Supreme Court's decision said nothing to diminish the importance of conciliation to the federal scheme within the ADEA. An aggrieved employee under the ADEA may file state and federal charges simultaneously, and regardless of the presence of state administrative remedies, an employee must observe the federal administrative process in § 626(d) to accord with the goal of administrative exhaustion prior to resort to the federal judiciary. *See id.* at 764, 99 S.Ct. at 2075.

Vance's second argument that the 60-day period is not a jurisdictional prerequisite to a private cause of action is based upon 29 U.S.C. § 626(b). Section 626(b) requires that the Secretary of Labor attempt to persuade employers through informal conciliation to voluntarily comply with the ADEA before the Secretary institutes a civil suit. Two circuits have held that the conciliation requirement in § 626(b) is not jurisdictional, and that a district court has the equitable discretion to stay a lawsuit pending before it in order to allow the completion of conciliation before the suit continues. *Marshall v. Sun Oil Co.,* 605 F.2d 1331, 1337 n. 8 (5 Cir.1979); *Brennan v. Ace Hardware Corp.,* 495 F.2d 368, 376 (8 Cir.1974). Vance has suggested that since the conciliation requirement of § 626(b) is not jurisdictional, then neither is the 60-day period of § 626(d). We disagree.

We note initially that the two sections in question differ in form, substance, and purpose. Subsection (b) of § 626 is concerned with enforcement of the provisions of the ADEA by the Secretary of Labor; it empowers the Secretary to pursue compliance through conciliation and, in the event efforts at conciliation fail, to institute legal action. No time limits are imposed upon the Secretary other than the statutes of limitation found in § 626(e). *See Brennan,* 495 F.2d at 376 (Secretary not held to rigid guidelines in attempting conciliation under § 626(b)). By way of contrast, subsection (d) of § 626 constitutes an express restriction on the right of an individual to bring a private suit under the ADEA, and specific time limitations are imposed upon the individual. Furthermore, the Secretary must be given an opportunity to resolve the matter before any cause of action accrues to the individual. Indeed, even when a timely private suit is initiated under the ADEA, a suit by the Secretary supersedes the private suit. 29 U.S.C. § 626(c). The fact that under § 626(d) the individual's right to bring a cause of action is subordinate to the Secretary's power to enforce compliance is established by the legislative history. *See* H.R.Rep. No. 805, 90th Cong., 1st Sess. 5, *reprinted in* [1967] U.S.Code Cong. & Ad.News 2213, 2218. Thus, it is clear that unlike subsection (b), which deals exclusively with the Secretary's enforcement powers under the ADEA, subsection (d) is designed to insure that the primary mechanism of dispute resolution—informal conciliation efforts pursued by the Secretary—is fully utilized before individuals are entitled to relief in the federal courts. *See id., reprinted in* [1967] U.S.Code Cong. & Ad.News 2213, 2218.

*Marshall v. Sun Oil Co., supra,* and *Brennan v. Ace Hardware Corp., supra,* cited by Vance in support of his argument differ fundamentally from the case at bar. Unlike the present case, the Secretary of Labor brought the lawsuits in *Marshall* and *Brennan.* Actions initiated by the Secretary before the termination of conciliation would not place undue pressure on the employer to settle the charge, since the threat

of a suit by the Secretary pursuant to § 626(b) is a factor present from the beginning of the conciliation negotiations. However, allowing a private suit to be filed prior to the expiration of the 60-day period would introduce into the conciliation process a new factor which would strip the conciliation requirement of its very function in the remedial scheme of the ADEA. No meaningful conciliation efforts could transpire if at any time during the 60-day period the individual could initiate suit in federal court and thereby preempt conciliation. Section 626(d) is specifically designed to insure that conciliation is immune from such private preemption for 60 days.

■ Moreover, the ruling in *Marshall* that the conciliation requirement of § 626(b) was not jurisdictional in a strict sense was premised on a rationale inapplicable to cases arising under § 626(d). In *Marshall* the Court reasoned that since the Secretary's cause of action bars a private suit by the employee, dismissal of the Secretary's suit on grounds that it was filed prematurely would unfairly penalize the employee by conditioning his right to relief on "events beyond his control which are not spelled out in the statute." 605 F.2d at 1337 n. 8, *quoting Franks v. Bowman Transp. Co.,* 495 F.2d 398, 404 (5 Cir.1974), *rev'd in part on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Where the employee brings suit himself in violation of the 60-day waiting period, his right to relief is lost due to events entirely under his own control under requirements which are explicitly spelled out in the statute. In our opinion the rationale upon which the *Marshall* court relied in finding the conciliation requirement of § 626(b) to be nonjurisdictional applies only to actions brought by the Secretary, and is inapplicable to cases arising under § 626(d).

■ We note finally that other circuits which have considered the question have held that the 60-day period of § 626(d) is jurisdictional and that the failure of the employee to comply with this waiting period will result in the dismissal of his private civil action. *Wright,* 628 F.2d at 953 (6 Cir.1980) (en banc); *Reich v. Dow Badische Co.,* 575 F.2d 363, 367–68 (2 Cir.1978); *Cannon v. University of Chicago,* 559 F.2d 1063, 1077 (7 Cir.1976) *rev'd in part and remanded on other grounds,* 441 U.S. 677, 99 S.Ct.

1946, 60 L.Ed.2d 560 (1979). We agree with these circuits that the language of § 626(d) indicates that the 60-day notice period is jurisdictional, *Ewald v. Great Atlantic & Pacific Tea Co., Inc.,* 620 F.2d 1183, 1187–88 (6 Cir.1980), and that the 60-day requirement is designed to assure the primacy of conciliation managed by the Department of Labor in the remedial scheme of the ADEA. *See Reich,* 575 F.2d at 368. Accordingly, we hold that the district court erred in equitably modifying this requirement and entertaining Vance's suit.

■ Our conclusion with respect to the 60-day waiting period requires that the judgment in favor of Vance be vacated and the case remanded to the district court with instructions to dismiss the complaint. Despite this disposition of the appeal, however, we are of the opinion that Vance may yet comply with the mandate of § 626(d) by pursuing with the EEOC[6] his charge of discriminatory conduct by Whirlpool. Should conciliation efforts by the EEOC prove fruitless, Vance may refile his complaint in the district court. While we recognize that "[s]uspension of proceedings is preferable to dismissal with leave to refile," *Oscar Mayer,* 441 U.S. at 765 n. 13, 99 S.Ct. at 2076 n. 13, such a procedure is foreclosed in the present case since the district court was utterly without jurisdiction to entertain Vance's lawsuit. To countenance the prematurity of the proceedings in this case in the district court, including the trial, would require that we ignore the definitive structure of the ADEA and the congressional mandate that resort to administrative remedies shall be a prerequisite to an action in the federal court. Consequently, dismissal of the action with leave to refile is the appropriate remedy under the peculiar facts of this case.

The statute of limitations does not bar the procedure we propose. While the statute is not automatically tolled under § 626(e) for subsection (d) cases as it is for subsection (b) cases, it is clear that the statute of limitations of 29 U.S.C. § 255 (incorporated under § 626(e)) may be equitably modified where circumstances warrant. *See, e.g., Bush v. State Industries, Inc.,* 599 F.2d 780 (6 Cir.1979). In our opinion it is proper in this case to modify the requirements of 29 U.S.C. § 255 to permit Vance to refile in district court should con-

**6.** *See supra* note 3.

ciliation efforts prove unsuccessful. There has been no demonstration of prejudice to Whirlpool should refiling be permitted, and Vance's simultaneous filing with the Secretary of Labor and the district court, though improper, was not an unreasonable course of action to follow given his dilemma and the dearth of clear precedent regarding his particular situation. Vance should not be penalized for his conduct here by loss of his right to bring suit in federal court in the event conciliation attempts are unsuccessful.[7]

Accordingly, the judgment of the district court is vacated and Vance's claim is dismissed with leave to refile his action consistent with this opinion should he be so advised.

JUDGMENT VACATED AND DISMISSED.

---

**7.** Both parties briefed and argued the question of whether the 180-day filing period of § 626(d)(1) is a jurisdictional prerequisite and could be equitably tolled in this case. However, since we conclude that the 60-day notice period of § 626(d) precluded jurisdiction in the district court, we do not reach the issue of the jurisdictional dimensions of the 180-day requirement or the circumstances under which it might be tolled.