Wilfred H. VANCE, Appellee,

v.

**WHIRLPOOL CORPORATION,**
Appellant.

No. 81–1568.

United States Court of Appeals,
Fourth Circuit.

Aug. 29, 1983.

David J. Parsons, Chicago, Ill. (Charles J. Griffin, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Hugh B. Campbell, Jr., Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, Charlotte, N.C., on brief) for appellant.

Samuel M. Millette, Ernest S. DeLaney, III, Charlotte, N.C. (DeLaney, Millette, DeArmon & McKnight, P.A., Charlotte, N.C., on brief) for appellee.

## SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

Before FIELD, Senior Circuit Judge, WIDENER and SPROUSE, Circuit Judges.

FIELD, Senior Circuit Judge:

In this case under the Age Discrimination in Employment Act of 1967 (ADEA) the defendant, Whirlpool, appealed from a judgment rendered in favor of the plaintiff. Among other arguments advanced by it on appeal, Whirlpool contended that the district court erred in holding that the 180-day filing period of 29 U.S.C. § 626(d)(1) had been equitably tolled, and that the court further had improperly concluded that

Whirlpool was equitably estopped from asserting the 60-day conciliation period under 29 U.S.C. § 626(d) as a bar to the plaintiff's action. Concluding that the 60-day conciliation period of section 626(d) is jurisdictional, we held that the district court erred in equitably modifying this requirement and entertaining the plaintiff's suit, vacated the judgment in favor of Vance, and remanded the case with instructions to dismiss the complaint. *Vance v. Whirlpool Corp.,* 707 F.2d 483 (1983). Since we concluded that the 60-day notice requirement precluded jurisdiction in the district court, we declined to reach the issue of the jurisdictional dimensions of the 180-day requirement of the statute or the circumstances under which it might be tolled. 707 F.2d 490, footnote 7.

Counsel for the plaintiff filed a petition for rehearing suggesting, among other things, that it was incumbent upon us to consider and dispose of the issue with respect to the 180-day requirement of the statute. Upon reflection, we agree with counsel that the interests of efficiency and conservation of judicial resources would best be served by our disposition of that issue. To that end we are supplementing the original opinion as follows.

██ Although no Supreme Court opinion has addressed the question whether the 180-day requirement of 29 U.S.C. § 626(d)(1) of the ADEA is jurisdictional in nature, the Court recently ruled that a similar provision in Title VII of the Civil Rights Act of 1964[1] is not a jurisdictional prerequisite to suit in a district court. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234, 243 (1982). While the procedural requirements of Title VII and the ADEA are not identical, *see Naton v. Bank of California,* 649 F.2d 691, 695 n. 3 (9 Cir.1981); *Bean v. Crocker National Bank,* 600 F.2d 754, 758–59 (9 Cir.1979), both statutes contain a 180-day filing provision,[2] and it is clear that the Supreme Court's inter-

---

1. 42 U.S.C. §§ 2000e *et seq.*

2. The notice requirement applicable to Title VII is set forth in 42 U.S.C. § 2000e–5(e) (1974), and provides in pertinent part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the

pretation of this provision under Title VII provides significant interpretive authority of the like provision in the ADEA. *See Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 758, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 587 (5 Cir.1981). We find the Supreme Court's ruling in *Zipes* to be highly persuasive authority for interpreting the 180-day requirement of § 626(d)(1) as nonjurisdictional and subject to equitable modification.

 We, ourselves, have not yet passed on the question whether the 180-day filing period of the ADEA is jurisdictional in nature or whether it may be equitably tolled, *see Smallwood v. United Air Lines, Inc.,* 661 F.2d 303, 309 (4 Cir.1981), and the legislative history of the original Act provides little guidance on the question. *See* H.R. Rep. No. 805, 90th Cong., 1st Sess. 5–6, 9 *reprinted in* [1967] U.S.Code Cong. & Ad. News 2213, 2218, 2223. In the legislative history of the 1978 amendments to the ADEA, however, Congress specifically addressed the issue of equitable tolling of the 180-day period, stating that:

The conferees agree that the "charge" requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act. *See, e.g., Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir.1976), affirmed by an evenly divided court, [434 U.S. 99] 98 S.Ct. 600 [54 L.Ed.2d 270] (1977); *Bonham v. Dresser Industries, Inc.* [569 F.2d 187], (3d Cir.1977); *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977).

H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 534. Although subsequent legislative observations are not considered a part of the legislative history of an act, *Oscar Mayer,* 441 U.S. at 758, 99 S.Ct. at 2072, it is firmly established that subsequent legislative history is entitled to some

weight, particularly where the intent of the enacting Congress is obscure. *Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 U.S. 572, 596, 100 S.Ct. 800, 814, 63 L.Ed.2d 36, 54 (1980); *Coke,* 640 F.2d at 594 (5 Cir. 1981). The 1978 amendments would indicate that Congress had the opportunity to correct the prevailing view of the courts that the 180-day period was subject to equitable tolling had it desired to do so, and that Congress elected to endorse that view. We believe that this legislative history provides a substantial basis for concluding that equitable modification of the 180-day requirement is permissible where circumstances warrant.

This reading of the statute finds support in the decisions of other circuits which have had occasion to consider the issue since the 1978 amendments to the ADEA. *See, e.g., Naton,* 649 F.2d at 696 (9 Cir.1981); *Coke,* 640 F.2d at 595 (5 Cir.1981); *Wright v. State of Tennessee,* 628 F.2d 949, 953 (6 Cir.1980) (en banc); *Nielsen v. Western Electric Company, Inc.,* 603 F.2d 741, 743 (8 Cir.1979); *Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1289 (7 Cir.1978). In light of the Supreme Court's interpretation in *Zipes* together with our reading of the legislative history, we are in substantial agreement with those circuits which have considered the issue and held that the 180-day requirement of 29 U.S.C. § 626(d)(1) may be equitably tolled where circumstances warrant.

 The question remains whether the circumstances of this case warrant equitable tolling of the 180-day period. Concededly, Whirlpool violated its statutory duty under the Act by neglecting to post a notice in its Charlotte office informing its employees of their rights under the ADEA. Such a notice is required to be posted in a prominent place on the employer's premises. 29 C.F.R. § 1627.10 (1981). Congress imposed this requirement to insure that covered employees would be informed of their rights, and in the present case Whirlpool's failure to post such a notice prevented Vance from

date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such

charge is made within ten days thereafter[i]
\* \* \* \* \* \*

learning of his ADEA rights at the time of his discharge. Under the circumstances the district court was correct in holding that the 180-day period should be tolled by reason of Whirlpool's failure to post the statutory notice. *See Kephart,* 581 F.2d at 1289; *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 193 (3 Cir.1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

Once the 180-day period has been tolled due to the employer's failure to post the statutory notice, it has been held that the period will begin to run from the time that the employee acquires actual knowledge of his rights or retains an attorney. *See Kephart,* 581 F.2d at 1289; *Bonham,* 569 F.2d at 193. In the present case the issue as to when Vance obtained actual knowledge of his rights was disputed. During a visit to an employment agency in October of 1978, Vance observed the statutory notice and learned of his rights under the Act. He thereupon contacted the Department of Labor, but was advised by an employee of the Department that his charge against Whirlpool was time-barred by reason of the 180-day requirement. In the light of this information, Vance did not attempt to file a charge, and he testified at trial that he first learned that he might have a viable claim in April of 1979 when upon the advice of a friend he consulted an attorney. Whirlpool contends that the notice period began to run in October of 1978 when Vance saw the statutory notice and learned of his rights under the Act. Therefore, Whirlpool argues, Vance's charge in May of 1979 was time-barred. Vance counters that his charge was not barred since the notice period did not start to run until April of 1979 when the attorney advised him that he did, in fact, have a right to bring such a charge against Whirlpool.

Ordinarily, we would agree with Whirlpool that the 180-day period should be tolled only until such time as an employee observes the statutory notice or otherwise learns of his rights under the ADEA. Here, however, the period had already run when Vance saw the notice, and in our opinion he acted reasonably in assuming that his claim was barred, especially in view of the advice which he received from the employee of the Department of Labor. Under these circumstances, we think the district court acted properly in submitting to the jury the question whether Vance filed his charge with the Secretary within 180 days from the time he retained a lawyer or obtained actual knowledge of his rights under the ADEA. Since the jury found in its special verdict that Vance had filed a timely charge, and its finding is supported by substantial evidence in the record, the district court acted properly in holding that the 180-day filing period had been tolled until April of 1979.

Subject to this supplemental opinion, we affirm our previous opinion and mandate vacating the judgment in this case.

WIDENER, Circuit Judge, concurring and dissenting:

While I concur in the original opinion of this panel published at 707 F.2d 483 (4th Cir., May 10, 1983), I must respectfully dissent to its supplemental opinion.

In the original opinion of the panel, we held the district court was without jurisdiction and directed that the action be dismissed. Indeed, this direction of dismissal is repeated in the last paragraph of the supplemental opinion.

I think the proposition too plain for argument that if the district court had no jurisdiction to decide the merits of the case, then its judgment had to be vacated for it was powerless to decide any of the merits, specifically including whether or not the 180-day filing period of 29 U.S.C. § 626(d)(1) had been equitably tolled.

I think it equally plain that if the district court had no jurisdiction to decide that matter, then we have no jurisdiction to decide that or any other matter in the case once we have concluded that the district court was without jurisdiction.

The Supreme Court has addressed this proposition quite clearly in *Ex parte McCardle,* 74 U.S. 506, 7 Wall. 506, 19 L.Ed. 264 (1869). In the *McCardle* case, the Supreme Court's jurisdiction to hear the case being appealed was taken away by Congress during the pendency of the appeal, indeed, after argument thereof. 74 U.S. at 265, 7

Wall. at 515. The question before the Court was whether or not the Act of Congress passed while the appeal was pending had taken away the Court's jurisdiction to hear the appeal. The Court held that the statute had just that effect and in its discussion said:

> "Without jurisdiction the Court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." 74 U.S. at 514, 7 Wall. at 514.

Later in the same opinion, the Court said with respect to pronouncing judgment in the case:

> "It is quite clear, therefore, that this Court cannot proceed to pronounce judgment in this case, for it has no longer jurisdiction of the appeal; and judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and laws confer." 74 U.S. at 515, 7 Wall. at 515.

Lest there be any doubt that *McCardle* suffers from an infirmity of age (*Marbury v. Madison,* 5 U.S. 137, 1 Cranch 137, 2 L.Ed. 60 (1803), certainly does not), the Court has only recently restated the same principle in *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1980). In *Firestone* the Court decided that an order refusing to disqualify an attorney was not an appealable order and reversed the Eighth Circuit which had decided that point to the same effect, but had made its decision prospective only and had reached the merits of the question appealed. It was because the Eighth Circuit "reached the merits of the order appealed from," 449 U.S. at 379, 101 S.Ct. at 676, that it was reversed. The Court stated the proposition clearly in part III of its opinion:

> "If the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over. A court lacks jurisdiction

to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be prospective only. We therefore hold that because the Court of Appeals was without jurisdiction to hear the appeal, it was without jurisdiction to decide the merits." 449 U.S. at 379, 101 S.Ct. at 676.[1]

I suggest that our court is doing in this opinion precisely what the Supreme Court declined to do in *McCardle* and reversed the Eighth Circuit for doing in *Firestone.* We are pronouncing judgment in a case in which there was no jurisdiction in the district court, much less in our own.

Without discussion of the philosophical underpinnings which make obligatory upon Article III courts the rule of *McCardle* and *Firestone,* it will suffice for me to say at this time that I think we exceed our warrant.

---

1. We have cited this proposition from *Firestone* with approval in *American Federation, etc. v.*

*Federal Labor Board Auth.,* 675 F.2d 612 (4th Cir.1982).