C.M. ENGLISH, Plaintiff,

v.

PABST BREWING COMPANY; and PMP Fermentation Products, Inc., a wholly owned subsidiary of Pabst Brewing Company, Defendants.

Civ. No. B–C–85–438.

United States District Court, W.D. North Carolina, Bryson City Division.

Oct. 8, 1986.

David E. Ralston, Blue Ridge, Ga., for plaintiff.

Michael, Best & Friedrich by Thomas P. Godar and John R. Sapp, Milwaukee, Wis., and Roberts, Stevens & Cogburn, P.A. by Allan P. Root and Gwynn Radeker, Asheville, N.C., for defendants.

## MEMORANDUM OF DECISION

SENTELLE, District Judge.

Plaintiff, a former employee of defendants, brought this action pursuant to Section 7(b) of the Age Discrimination in Employment Act (ADEA) [29 U.S.C. § 626(b)] against Pabst Brewing Company and PMP Fermentation Products, Inc. [hereinafter collectively defendants], his former employers. According to the undisputed allegations in the file, defendants, on February 9, 1982, informed plaintiff that his active employment would be terminated as of February 15, 1982 (his 65th birthday). Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) February 3, 1983, claiming that his termination was as a result of his age and constituted unlawful discrimination. On November 21, 1985, he filed this action based on those allegations. After filing Answer and undertaking some discovery, defendants brought the matter before the court on Motion for Summary Judgment pursuant to Rule 56(b), Fed.R. Civ.P., asserting that no genuine issue of material fact exists. It appears to the court that the defendants' motion is well taken. The facts necessary to the entry of this decision are more fully set forth in the opinion which follows.

## I.

Plaintiff's complaint, the undisputed answer, and evidence offered by the defendants in support of their motion make it affirmatively appear that plaintiff's claim is time-barred. The ADEA expressly sets forth a timeliness requirement in 29 U.S.C. § 626(d), as follows:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed:

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.[1]

This provision would appear to be dispositive of defendants' motion and, therefore, plaintiff's claim, as plaintiff did not file with the EEOC until 353 days after his termination and 359 days after he was informed of the termination.[2] The Fourth Circuit has repeatedly ruled that this section operates as a statute of limitations so that failure to comply with the time requirements will result in dismissal of the action. *Lawson v. Burlington Industries, Inc.*, 683 F.2d 862 (4th Cir.1982); *Vance v. Whirlpool Corp.*, n. 2, *supra; Price v. Litton Business Systems, Inc.*, 694 F.2d 963 (4th Cir.1982). The Fourth Circuit has further upheld the use of summary judgment as a vehicle for the accomplishment of this result. *Lawson v. Burlington Industries, Inc., supra.* Therefore, this court will allow defendants' Motion for Summary Judgment.

---

1. Section 14(b) of the ADEA (29 U.S.C. § 633) creates an exception to the 180–day rule. However, the exception applies only in those states which by state statute and through state agency prohibit and provide remedy for age discrimination. North Carolina not being such a state, the exception is not applicable.

2. The date of notification rather than the date of actual termination would appear to govern. *Vance v. Whirlpool Corp.*, 716 F.2d 1010 (4th Cir.1983). However, in this case, the question is not material since the claim is time-barred from either date.

## II.

Plaintiff attempts to escape the bar of the timeliness requirement by asserting that since 626(d) creates a statute of limitations rather than a jurisdictional requirement, the running of the 180 days equitably can be tolled. While plaintiff is correct as to the law *(Vance v. Whirlpool Corp., supra)*, the pleadings, affidavits, portions of depositions, and other matters before the court in support of and in opposition to the Motion for Summary Judgment make it plain to the court that, factually, there is no ground for equitable tolling in this case and that no genuine issue of material fact exists as to the absence of any such ground. Plaintiff asserts that the statute should be tolled where the employer has failed to meet the requirements of 29 U.S.C. § 627, which provides that "[e]very employer ... shall post and keep posted in conspicuous places upon its premises a notice ... appropriate to effectuate the purposes of this chapter." Again, plaintiff's proposition of law is correct. The Fourth Circuit has so held as to factually appropriate cases. "[T]he 180–day period should be tolled by reason of [the employer's] failure to post the statutory notice." *Vance v. Whirlpool Corp., supra,* at 1013. Furthermore, "once the 180–day period has been tolled due to the employer's failure to post the statutory notice, it has been held that the period will begin to run from the time that the employee acquires actual knowledge of his rights or retains an attorney." *Id.,* at 1013, *citing Kephart v. Institute of Gas Technology,* 581 F.2d 1287 (7th Cir. 1978); and *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir.1977, as amended 1978). Again, however, this is not a factually appropriate case.

Factually, plaintiff's argument in opposition to summary judgment on the nonposting ground for tolling of the statute of limitations leans upon the slender reed of the following sentence in plaintiff's own Affidavit: "My employer had not posted information on the ADEA *of which I was aware.*" (Emphasis supplied.) This sentence simply does not create a genuine issue of material fact when juxtaposed against defendants' affidavits from present and former employees to the effect that proper posting had in fact been accomplished at the company's plant and corporate headquarters. Defendants, therefore, appear to have established proper posting. "If notice is properly posted and the employee does not see it or sees it but is still not aware of his rights, there will normally be no tolling of the filing period." *McClinton v. Alabama By-Products Corp.,* 743 F.2d 1483, 1486 (8th Cir.1984). To the same effect is *Hrzenak v. White Westinghouse Co.,* 682 F.2d 714 (8th Cir.1982). While the Fourth Circuit appears to be silent on this specific question, the Eighth Circuit cases appear to this court to reach the only reasonable result, and the court will follow them.

Plaintiff argues that the instant case should not be governed by the logic of *McClinton* and *White Westinghouse* since plaintiff did not work out of either the headquarters or the plant but apparently worked out of his own home in North Carolina and visited the company facilities in Wisconsin not much more frequently than annually. In support of his argument, he offers *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977). In that case, as in the case at bar, the plaintiffs worked in outside sales and only occasionally visited the facility where the posting had been made. That court held a factual question to exist as to the adequacy of the posting. This court, while noting that the Fifth Circuit decision is not binding precedent, nonetheless would note that in the instant case there appears to be no dispute of material fact as to the proposition that the employer made all reasonable compliance with the language of 29 U.S.C. § 627 requiring that the posting be "in conspicuous places upon its premises...." The premises as to which affidavits exist were apparently the only facilities which plaintiff ever visited, and one of them was the facility in which he was informed of his termination. Furthermore, this court believes the Eighth Circuit to have been correct in *McClinton* when it held that the tolling of the statute occasioned by non-

posting or inadequate posting would continue only up until such time as "the employee acquires *general* knowledge of his right not to be discriminated against on account of age, or the means of obtaining such knowledge. We do not think it necessary to toll the notification period up to the time that the employee obtains knowledge of his *specific* rights under the ADEA and/or the existence of the 180–day filing period." *McClinton v. Alabama By-Products Corp., supra*, at 1486.[3] In the case at bar, defendants have offered the court plaintiff's own deposition testimony to the effect that he was generally aware of his rights against age discrimination well before his termination. It appears to the court that where an employee is generally aware of his rights, and where the employer has complied with the language of 29 U.S.C. § 627, to require anything further would not only be unduly burdensome but would render the 180–day requirement of Section 626 meaningless as to any employer of outside salesmen or other employees who are not daily on the employer's actual premises.

### III.

■ Plaintiff further argues that the statute should be tolled equitably on the basis of *Mayer v. Reigel Products Corp.*, 720 F.2d 303 (3d Cir.1983), which held that tolling would be allowed where the employer attempted to conceal a discriminatory act or to mislead the employee or misrepresented the nature of the discrimination. However, plaintiff overlooks the express language from the Fourth Circuit in *Price v. Litton Business Systems, Inc., supra*, to the effect that, "the statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is a consequence of

either deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id.*, at 965. In this case, plaintiff's only factual support for this tolling argument is that defendants informed him that they were reorganizing the sales effort based on a new and smaller product line and that the sales job previously handled by him in the field in the southeastern United States would subsequently be handled out of the company's Wisconsin headquarters, principally by telephone. Plaintiff asserts that he was deceived and only later (August 1982) learned that a younger man (a Mr. Lex) was making customer calls in the field in the southeast. However, defendants' affidavits and deposition evidence are undisputedly to the effect that Lex worked out of Wisconsin principally by telephone and made field visits to the southeast only three or four times a year, as opposed to the five-day-a-week visits previously practiced by the plaintiff. The literally or almost literally true statements of the defendants in this case, coupled with the fact that plaintiff's knowledge of the employment of the younger man came to him through the defendants themselves, makes it appear to this court that there can be no genuine issue of material fact on this proposition. Defendants simply have done nothing rising—or sinking—to the level contemplated by the above-quoted language from *Price*. Therefore, plaintiff is not entitled to an equitable tolling of the statute of limitations, and defendants are entitled to their summary judgment.

### IV.

■ Finally, even if plaintiff had complied with the timeliness requirements, defendants are nonetheless entitled to their

---

**3.** Plaintiff argues *Vance v. Whirlpool Corp., supra*, for the proposition that the statute remains tolled until the employee acquires specific knowledge of his rights or the advice of counsel. However, the language in that case upon which plaintiff relies has application only to the distinct facts then before the court. That plaintiff acquired *no knowledge of his rights until after* the 180–day period from termination had already expired but during a period in which the statute was tolled by a conceded failure to post. It appears to this court that there is other language in *Vance* controlling of the facts in this case. "Ordinarily we would agree with Whirlpool that the 180–day period should be tolled only until such time as an employee observes the statutory notice or *otherwise learns of his rights under the ADEA." Id.*, at 1013 (emphasis supplied).

summary judgment. In age discrimination cases, plaintiff has the burden of establishing that the action complained of (in this case, termination) was taken because of age. That is, he must prove that age was a determinative, a "but-for" factor in the decision. *See, e.g., Tice v. Lampert Yards, Inc.*, 761 F.2d 1210, 1217, 1222 (7th Cir. 1985). The order of proof in ADEA cases is borrowed from *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), requiring, first, the plaintiff to establish a prima facie case; then the defendant to go forward with a nondiscriminatory reason for the employment action; then the plaintiff to establish that the nondiscriminatory reason was a pretext for the forbidden discrimination. *EEOC v. Western Electric Corp.*, 713 F.2d 1011 (4th Cir.1983). In weighing the sufficiency of a plaintiff's evidence and, therefore, in determining for purposes of summary judgment motion the materiality of dispute of fact,

> [T]he elements of the plaintiff's "prima facie case" in the usual ADEA case are: (1) the plaintiff is in the protected age group; (2) the plaintiff was discharged or demoted; (3) at the time of the discharge or demotion, the plaintiff was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, the plaintiff was replaced by someone of *comparable qualifications* outside the protected class.

*Id.*, at 1014 (emphasis supplied).

■ Without discussing the first three elements, the evidence before the court presents no genuine issue as to any fact material to the fourth element. All the evidence on this issue is of a piece, and all reflects that the company underwent a rather complete metamorphosis. New management dropped from the product line the malt syrup which had been plaintiff's main area of expertise. The company's products then included only industrial chemical compounds. The newly hired replacement (Mr. Lex), concededly 40 years younger than plaintiff, also possessed a *cum laude* degree in chemistry and three years' experience in chemical sales. Plain-

tiff had no comparable educational background and was principally experienced in the sale of the malt syrup line. The new job filled by Lex involved a national sales territory; a concentration on long-distance sales out of Milwaukee; and only occasional field visits, few of them in the southeast. Plaintiff's forte had been field work in the southeast and personal relationships with southeastern customers. Based upon this undisputed evidence, plaintiff cannot meet the necessary fourth element of the prima facie test and, even had his claim been timely filed, cannot survive defendants' Motion for Summary Judgment.

This court, therefore, is awarding defendants summary judgment by Order filed contemporaneously herewith.

### ORDER ALLOWING SUMMARY JUDGMENT

For the reasons more fully set forth in the Memorandum of Decision filed contemporaneously herewith;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be, and the same is, entered in favor of the defendants, Pabst Brewing Company, et al., as to all claims asserted by plaintiff herein.