**Bernard FRANK, John Pareti and Martin Kessler, on behalf of themselves and other employees similarly situated, Plaintiffs,**

v.

**CAPITAL CITIES COMMUNICATIONS, INC., Capital Cities Media, Inc. and Fairchild Publications, Inc., Defendants.**

80 Civ. 2188–CSH.

United States District Court,
S. D. New York.

March 11, 1981.

---

Beldock, Levine & Hoffman, New York City, for plaintiffs; Cynthia Rollings, New York City, of counsel.

Hall, Dickler, Lawler, Kent & Howley, New York City, for defendants; Milford Fenster, Paul Sarno, Robin L. Hirsch, New York City, of counsel.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiffs' motion to reargue the Court's Memorandum Opinion and Order of January 6, 1981, 88 F.R.D. 674, is granted.

I am persuaded that the earlier opinion overlooked the provisions of 29 U.S.C. § 626(d)(2), which makes a 300-day time limit applicable to this case, where the named plaintiffs concededly commenced New York state proceedings. The applicability in comparable circumstances of a 300-day period to an ADEA class action was presaged by Judge Newman in *Pandis v. Sikorsky Aircraft*, 431 F.Supp. 793, 799 (D.Conn.1977), implemented by Judge Blumenfeld in *Geller v. Markham*, 481 F.Supp. 835 (D.Conn.1979), and, indeed, suggested by the present defendants in their original papers. Nothing in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), which construes the ADEA to require an individual to pursue his state remedies before invoking a federal remedy, necessitates a different result.

It is true, as defendants stress, that *Geller v. Markham* involved an employer whose activities were limited to one state, whereas Fairchild maintains branches in states which do not provide comparable remedies. But that does not require that the entire class be limited to the 180-day period, since that would disenfranchise class members entitled to be included under the rationale of *Pandis* and *Geller*. It will be sufficient to determine, when and if employees from such states elect to "opt in," whether their individual claims are barred. The notice will be geared to the 300-day period.

I reject plaintiffs' suggestion that a different limitations period be substituted for those specifically provided in § 626(d).

The Court's Memorandum Opinion and Order of January 6, 1981 is amended as to provide a cut-off date for notice purposes of December 1, 1978. Plaintiffs' motion for reargument is granted to that extent, and otherwise denied.

It is So Ordered.