**Bernard FRANK, John Pareti and Martin Kessler, Plaintiffs,**

v.

**CAPITAL CITIES COMMUNICATIONS, INC., Capital Cities Media, Inc. and Fairchild Publications, Defendants.**

**Grant B. SOUTHWARD, Plaintiff,**

v.

**CAPITAL CITIES COMMUNICATIONS, INC., Capital Cities Media, Inc. and Fairchild Publications, Defendants.**

**No. 80 Civ. 2188 (CSH).**

United States District Court, S.D. New York.

July 18, 1988.

Beldock Levine & Hoffman, New York City, for plaintiff; Melvin L. Wulf, of counsel.

Satterlee Stephens Burke & Burke, New York City, for defendants; Henry J. Forman, Daniel Baurkot, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendants in this action brought under the Age Discrimination in Employment Act move to dismiss the claim of plaintiff Grant B. Southward. The issue is whether res judicata bars Southward's claim by reason of the adverse, unreviewed decision of a state agency.

### Background

The original plaintiffs commenced this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* The background of the litigation appears in this Court's prior opinions, reported at 88 F.R.D. 674 (S.D.N.Y. 1981) and 509 F.Supp. 1352 (S.D.N.Y.1981). Plaintiff Southward opted into the action as a party plaintiff by filing a written consent dated June 5, 1981.

Southward was born in 1919. He began employment with defendant Fairchild Publications in 1946. Fairchild terminated Southward's employment on December 31, 1977. Fairchild says the termination resulted from a reduction in work force, specifically, the elimination of one of its publications to which Southward was assigned. By opting into this action, Southward embraced the complaint, filed in 1980, which charges the defendants generally with discrimination against older employees in respect of compensation, terms, conditions and privileges of their employment, in violation of ADEA.

Following his termination by Fairchild on December 31, 1977, Southward engaged in freelance activities in the same field of reporting. In January 1978 Southward and Fairchild entered into an arrangement by which Fairchild paid Southward $3600 per year in the latter's freelance capacity. Southward was supposed to furnish approximately two articles a month to Fairchild.

That arrangement was terminated in October, 1982 by Fairchild. On April 11, 1983, Southward filed a complaint with the Commonwealth of Massachusetts Commission against Discrimination. The Massachusetts Commission was seized with jurisdiction because, while working as a freelance, Southward used space in Fairchild's Boston office.

At the proceedings before the Massachusetts Commission, Southward and Fairchild were represented by the law firms who represent plaintiffs and defendants respectively in the captioned action.

On June 14, 1984 a field representative of the Commission, together with the director of investigations and the investigating commissioner, endorsed a determina-

tion of Lack of Probable Cause, rejecting Southward's claim on the merits. Southward prosecuted an administrative appeal. On September 24, 1984, the full Commission sustained the lack of probable cause. Southward sought no review of that adverse action in the Massachusetts courts. He continues to press his claims as an opt-in plaintiff in this action.

In its June 1984 finding of lack of probable cause, the Massachusetts Commission undertook to summarize the contentions of the parties. Under the caption "Summary of Complaint," this appears:

"On or about 10/20/82 and continuing through present by letter dated October 20, 1982 from Michael Luther, editor of Daily News Record, a publication of Respondent Fairchild Publications, I was informed that effective January 1, 1983, the terms and conditions of my employment would be changed so that I would be receiving far less remuneration for the same work. The letter gave no reason for the change. Previously, in the spring of 1982, office privileges that I enjoyed were taken away from me. I believe that the aforesaid actions constitute continued age discrimination against me and were in retaliation for my having filed a consent to become a party plaintiff in an action against Respondents under the Age Discrimination in Employment Act of 1967 as amended ("ADEA"), which is presently pending in the Southern District of New York (*Frank, et al v. Capital Cities Communications, Inc. et al*, 80 Civ. 2188 (CSH).

On information and belief, the aforementioned actions are in violations of the ADEA and the applicable Massachusetts and New York State statutes prohibiting age and other discrimination in employment."

Under the caption "Summary of Response" this appears,

"Fairchild Publications deny the Complainant's allegations that he has been subjected to unequal terms and conditions of employment due to retaliation and age (d.o.b.–1919).

Respondent states that it became necessary to ask the Complainant to surrender the office in Fairchild's Boston facilities which he had been using free of charge while freelancing. When Mr. Manny Hoffman, a Fairchild employee with Home Furnishings Daily ("H.F.D."), a Fairchild publication, was moved to Boston from New York in April, 1982, this had to come to an end.

As a Fairchild employee, Mr. Hoffman was assigned the Fairchild office space the Complainant had been using in his freelance work. There was and is no other office space available for Mr. Hoffman in the Boston premises. Mr. Hoffman has been employed with Fairchild since 1948 and is as old as the Complainant, having been born in April, 1919."

Having thus summarized the parties' contentions, the Commission then summarizes its findings of fact. The Commission recites Southward's employment by Fairchild from 1946 to December 31, 1977; Southward's severance payments and other payments made at that time; and the freelance agreement entered into between Southward and Fairchild in 1978, which Fairchild terminated in October 1982.

The Massachusetts Commission concludes as follows:

"Treating Complainant's case in its most favorable light to the effect that the Respondent discriminated against him because of his age and in terms of retaliation, is not persuasive in view of the weight of the credible substantial and probative evidence offered and corroborated by the Respondent to the contrary. Here, the Complainant has not sustained his burden of persuasion that the Respondent discriminated against him because of his age and in terms of retaliation, in violation of Massachusetts General Laws, Chapter 151B, Section 4, Paragraphs 1 and 4, Title VII of the 1964 Civil Rights Act and Age Discrimination in Employment Act of 1967, as amended 29–USC–621, *et. seq.*, ADEA."

I have stated all the details the present record contains with respect to the proceedings which took place before the Massachusetts Commission. They are derived for the most part from that agency's Notice of Final Disposition.

Against this background, the defendants in this action urge the bar of res judicata against Southward.

### Discussion

Whether a state administrative determination, unreviewed by a state court, can bar a federal ADEA action by res judicata has divided the circuits in the wake of *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

*Elliott* dealt with Title VII and Reconstruction statute civil rights discrimination claims, following an administrative proceeding adverse to the claimant, and not thereafter subjected to state judicial review. The Supreme Court held that res judicata and issue preclusion would be inappropriate as to the Title VII claim, given the particular wording of that statute. The Court reached the opposite conclusion with respect to the civil rights claim under 42 U.S.C. § 1983. As to that claim, the Court applied federal common law rules of preclusion.

Since *Elliott*, the Seventh Circuit has held that because of the similarities between the statutory machinery in Title VII and ADEA, unreviewed state agency action could never have a preclusive effect upon a federal ADEA claim. *Duggan v. Board of Education of Each Chicago Heights*, 818 F.2d 1291 (7th Cir.1987). The Eighth Circuit disagreed with *Duggan* in *Stillians v. State of Iowa*, 843 F.2d 276 (8th Cir.1988). The Eighth Circuit criticized the Seventh Circuit in *Duggan* for making its decision turn upon a comparison between the ADEA, Title VII and 42 U.S.C. § 1983. The "ultimate issue," the Eight Circuit said in *Stillians*, is "whether Congress intended to abrogate traditional rules of preclusion when it enacted the ADEA." 843 F.2d at 281. Having said that, the Eight Circuit then found issue preclusion because of "the absence of a similar provision from the ADEA" upon which the Supreme Court laid particular emphasis upon in *Elliott. Ibid.*

In *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir.1986), another post-*Elliott* decision, the Ninth Circuit concluded without discussion that an unreviewed state agency determination could have preclusive effect in an ADEA suit, but rejected the defense on the particular facts of the case. The prior administrative action had taken place before a state unemployment benefits agency. The Ninth Circuit concluded that such a proceeding did not give the parties "an adequate opportunity to litigate the issue of employment discrimination," 798 F.2d 1284. Thus res judicata was rejected on the facts and not on the law. To the same effect is *Delgado v. Lockheed–Georgia Co.*, 815 F.2d 641 (11th Cir.1987).

The Second Circuit has not squarely addressed the issue. In *Kirkland v. City of Peekskill*, 828 F.2d 104 (2d Cir.1987), the Second Circuit relied upon *Elliott* in holding that a state agency's resolution of factual issues adverse to the complainant barred a federal court action brought under the Reconstruction civil rights statutes. The ADEA was not involved in *Kirkland*. I find no authority binding on this Court on the particular issue presented; nor have the parties cited me to such authority.

I need not resolve the issue if, assuming unreviewed state administrative action may form the basis for res judicata in ADEA cases, the particular facts would not sustain the bar.

*Kirkland* summarizes the elements necessary to res judicata based upon state administrative action. Issue preclusion arises:

"...if (1) the state agency was acting in a judicial capacity, (2) the disputed issues of fact were properly before the agency and the parties were given an adequate opportunity to litigate them, *see also United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966), and (3) the courts of that particular state would give the agency's fact finding determinations preclusive effect."

828 F.2d at 107.

In the case at bar, the first and third elements are not in dispute. It is clear from the record that the Massachusetts Commission was acting in a "judicial capacity." Southward does not suggest otherwise. As to the third element, defendants cite a number of Massachusetts court deci-

sions for the preclusive effect of agency action, which again Southward does not question.

It is the second element which is in dispute, since Southward contends that the claims he asserted before the Massachusetts Commission were entirely different from the claims he embraces as an opt-in plaintiff in the case at bar.

In *Kirkland*, the Court of Appeals approached that element in these terms:

"The question remains whether appellant's complaints to the NYSDHR included the same issues as those before the federal court."

*Id.* at 110.

That analysis understandably focuses upon the particular complaints made by an individual to a state agency. It is the claimant whose notice of claim initially defines the issues. Claim preclusion does not arise if the issues decided are different. In *Kirkland*, the Court of Appeals affirmed the District Court's application of res judicata because the Court of Appeals agreed:

"...that Kirkland's federal complaint is clearly based on the same series of events and the same allegations of discriminatory retaliation which formed the bases of his second and third NYSDHR complaints."

*Ibid.*

A defendant urging the bar of claim preclusion bears the burden of demonstrating its factual basis.[1] Defendants have not done so here. The decision of the Massachusetts Commission seems to say clearly enough that Southward was complaining of discrimination and retaliation in his capacity as a freelance writer, following that termination of employment which forms the subject matter of the action at bar. The claim deals with different relationships (full-time employee and employer as opposed to freelance and consumer of freelance services); with different periods of time; and with different incidents and manifestations of discrimination.

Unlike *Kirkland*, the retaliation claim Southward advanced before the Massachu-

setts Commission cannot be regarded as forming a part of the present action. The complaint was filed in 1980. By that time, Southward was two years into his freelance arrangement with Fairchild. Two years later, in 1982, Fairchild dispensed with Southward's freelance services. Southward claimed that it was in part an act of retaliation for his opting into the case at bar. The Massachusetts Commission held against him; but it is hard to see how defendants can contend that this claim of retaliation was included in the federal suit, which was brought two years before the alleged act of retaliation occurred.

So, too, with Southward's claims of age discrimination. To be sure, Southward's summary of complaint as stated by the Commission uses the phrase "continued age discrimination"; but it would exalt form over substance to say that the Commission had before it, or undertook to resolve, a claim for discriminatory discharge from full time employment in 1977. The phrase I have quoted is shaped and defined by the paragraph in which it is found, which deals only with events occurring in 1982. I am strengthened in this impression by the Commission's summary of Fairchild's response, which deals solely with events occurring in 1982, as a non-invidious basis for Fairchild's actions concerning Southward as freelance, not employee.

I accept that in the Commissions's findings some reference is made to Southward's earlier status as a Fairchild employee, but I assume that the Commission's summaries of the parties' contentions before that agency are accurate, and reflect the nature and scope of the proof. At least, defendants offer nothing more than these summaries and the ultimate conclusion from the proceedings before the Commission. Southward, on the other hand, offers an explanation from his pre-trial deposition in this case that he intended to assert different claims. Defendants in their brief dismiss that characterization as self-serving; but counsel's characterizations of what took place before the commission are in large measure conclusory.

1. *Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 486, 414 N.Y.S.2d 308, 311, 386 N.E.2d 1328, 1331 (1979).

In short, the inference that I draw from the record before me is that the post-termination claims asserted in the complaint at bar did not form a part of the litigated claims before the Massachusetts Commission. It was defendants' burden to demonstrate that "the same series of events and the same allegations" of discrimination and retaliation permeate both proceedings. They have not done so. There is nothing inherently implausible in Southward's claim: conceptually, an employer may violate the ADEA in terminating a senior full-time employee, but be motivated by entirely different considerations in severing a subsequent freelance relationship. In saying this, I intimate no view on the underlying merits of the case at bar. I only conclude that res judicata is not available on the facts at bar, assuming (without deciding) its applicability to ADEA claims as a matter of law.

### CONCLUSION

Defendants' motion to dismiss Southward's claim is denied.

It is SO ORDERED.