953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gloria E. FOOTE, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 90-2701.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1991.
Decided Dec. 31, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-89-1537-A)
 Gloria E. Foote, appellant pro se.
 Paula Pugh Newett, Robert James Kelley, Jr., Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gloria E. Foote appeals from the district court's dismissal of her employment discrimination claims against the Secretary of the Army under Title VII, 42 U.S.C. § 2000e-16 (1988), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-34 (West 1985 & Supp.1991). The district court dismissed Foote's claims for her failure to exhaust administrative remedies. After a thorough review of the record, we affirm the dismissal of the Title VII claim, but vacate the dismissal of the ADEA claim and remand for further consideration in light of the Supreme Court's recent decision in Stevens v. Department of the Treasury, 59 U.S.L.W. 4343 (U.S.1991)--a decision rendered after the district court's determination.
 
 I.
 
 2
 Foote was employed as a secretary with the Department of the Army's National Guard Bureau from 1978 until her termination in 1985. Her tenure with the agency was marked by disagreements with her superiors over job assignments, leave status, security clearances, and other matters. Specifically, Foote's Amended Complaint alleged that she was subjected to discriminatory treatment on the basis of age and sex by being required to perform duties above her grade level for two supervisors, by being subjected to "abusive treatment" of an unspecified nature by her supervisors, by being placed on absent without leave (rather than leave without pay) status when she absented herself from work as a result of distress caused by the abusive treatment and did not return for one year, by having her security clearance revoked during her one-year absence, by her employer's refusal to transfer her to another unit upon her return to work and by being downgraded to a part-time lower grade position, by her employer's refusal to promote her, by her employer's threat to terminate her if she did not comply with her work assignment, by her termination, and by the employer's negative job references. Foote alleged that the employer's decision to place her on absent without leave status, the revocation of her security clearance, and the negative job references were all in retaliation for her initial complaints of discrimination. She requested injunctive relief, reinstatement, backpay, retroactive promotions, expungement of her employment record, and costs and fees.
 
 
 3
 The administrative record reveals that Foote first contacted an Equal Employment Opportunity (EEO) counselor in 1982. After meeting with a counselor and discussing the employer's refusal to assign her to another detail, she was given notice of final interview and told that she had fifteen days in which to file a formal complaint. She did not file a formal complaint. She again contacted the EEO office nearly two years later in 1985, complaining of the proposed revocation of her security clearance, the employer's refusal to grant her leave without pay status, and harassment and retaliation from her earlier complaints. The ensuing counseling process generated another notice of the right to file a formal complaint within fifteen days; Foote refused to accept this notice.
 
 
 4
 Foote again contacted the EEO office in October 1985 with new allegations of discrimination. She was given a list of EEO counselors, but did nothing until September 1986 because, according to her own statements, she was weary of the administrative process. In September 1986, she called the EEO office and eventually met with a counselor to discuss a variety of discrimination charges which focused specifically on her September 1985 termination and the negative job references provided by her employer which came to her attention in March 1986. She was given a notice of final interview in March 1987 and filed a timely formal complaint the following month.
 
 
 5
 The agency dismissed all but the termination and negative reference claims as untimely, and after further investigation dismissed those claims as untimely as well. Foote then appealed to the Equal Employment Opportunity Commission's Office of Review and Appeals (hereinafter "EEOC"). The EEOC affirmed the agency's dismissal of all but the negative reference claim, remanding that issue for further investigation. Foote then filed a Motion for Rehearing which was granted by the EEOC in April 1989.
 
 
 6
 Before any decision had been reached by the agency on the EEOC's initial remand and prior to any further action on the rehearing, Foote filed the present complaint in the district court. The complaint was then amended to comport with Fed.R.Civ.P. 8. The agency responded by canceling Foote's administrative complaint, in accordance with 29 C.F.R. §§ 1613.215(a) and 1613.283 (1990). The defendant moved for dismissal or summary judgment and a hearing was held. At the conclusion of the hearing, the district court granted the defendant's Motion to Dismiss on the basis that Foote had failed to exhaust her administrative remedies.
 
 II.
 
 7
 We first consider the ADEA claim. The Circuit Courts were traditionally split on the issue of whether a litigant who had already initiated the administrative process was required to first exhaust administrative remedies before filing a civil action under the ADEA. Compare Langford v. United States Army Corps of Engineers, 839 F.2d 1192, 1194-95 (6th Cir.1988) (exhaustion not required), with Purtill v. Harris, 658 F.2d 134, 138 (3d Cir.1981), cert. denied, 462 U.S. 1131 (1983) (civil suit could only be filed after a final agency decision). In deciding the present case, the district court adopted the reasoning of Purtill, consistent with Fourth Circuit precedent. See Vance v. Whirpool Corp., 707 F.2d 483, 488 (4th Cir.1983), cert. denied, 465 U.S. 1102 and 467 U.S. 1226 (1984).
 
 
 8
 While this appeal was pending, however, the United States Supreme Court rendered an opinion in Stevens, and effectively negated the administrative exhaustion requirement by noting that the government no longer views exhaustion as necessary.[1] 59 U.S.L.W. at 4345. Although the Supreme Court did not expressly rule on exhaustion, its opinion may well work a different result in this case. We therefore reverse the district court's decision regarding the ADEA claim and remand for further consideration in light of Stevens.
 
 III.
 
 9
 We turn next to the Title VII claims. Title VII regulations provide that an agency may accept complaints for processing only if the complainant brought the alleged act of discrimination to the attention of an EEO counselor within thirty days of its occurrence, and filed a formal complaint within fifteen days of receiving notice of the right to file. 29 C.F.R. § 1613.214(a)(i-ii) (1990). A final agency decision[2] may be appealed to the EEOC within twenty calendar days of that decision. 29 C.F.R. § 1613.233(a).
 
 
 10
 A federal employee may then file a civil action for employment discrimination within thirty days after a final agency or EEOC decision, or after 180 days from filing a complaint or appeal, if there has been no decision. 29 C.F.R. § 1613.281 (1990). A decision on an appeal to the EEOC is considered "final" for purposes of filing a civil action, unless either party files a request to reopen the decision within thirty days or unless the EEOC itself reopens the case. 29 C.F.R. § 1613.234.
 
 
 11
 Administrative exhaustion in keeping with the foregoing filing deadlines is an important prerequisite to filing a civil action under Title VII, for Congress intended that federal agencies should have primary responsibility for maintaining nondiscriminatory work environments. Kizas v. Webster, 707 F.2d 524, 544 (D.C.Cir.1983), cert. denied, 464 U.S. 1042 (1984); see also Porter v. Adams, 639 F.2d 273, 276 (5th Cir.1981). However, the time deadlines state in the regulations are statutes of limitations or conditions precedent subject to waiver, estoppel, or equitable tolling. Zografov v. V.A. Medical Center, 77 F.2d 967 (4th Cir.1985) (adopting rule of Zipes v. TransWorld Airlines, Inc., 455 U.S. 385, 393 (1982)). The continuing violation theory provides an additional defense to strict compliance with the regulations. See United Air Lines, Inc. v. Evans, 431 U.S. 553, 558-59 (1977); Woodard v. Lehman, 717 F.2d 909, 914-15 (4th Cir.1983).
 
 
 12
 Foote failed time and again to comply with filing deadlines inherent in the administrative process which preceded this civil action. She twice failed to file a formal complaint with the agency within fifteen days upon receiving final notice, as required by 29 C.F.R. § 1613.214(a)(ii). After her termination in 1985, Foote failed to follow through with EEO counseling until nearly one year later. During that year, Foote learned that her former employer had given her negative job references which she challenges as discriminatory in this Complaint. However, she failed to lodge a complaint about those references with the agency within the thirty day period required by 29 C.F.R. § 1613.214(a)(i). Foote has clearly not met the administrative exhaustion requirement.
 
 
 13
 Foote offers few explanations for her repeated failure to follow through on the administrative process.[3] She claims that she did not call the EEO office within thirty days of learning of the negative reference because she did not know that the negative references constituted discrimination or that she had a remedy. Because this Circuit no longer subscribes to the discovery rule, Hamilton, 928 F.2d at 90, this is an invalid excuse.
 
 
 14
 Foote also mentions the continuing violation theory as a possible defense. The continuing violation theory allows consideration of certain discriminatory acts for which no timely claim was made. See Rich v. Martin Marietta Corp., 522 F.2d 333, 348 n. 15 (10th Cir.1975). In order to establish a continuing violation, however, Foote would be required to show that there was a continuing employment practice in place which was discriminatory and that as a result of that discriminatory practice, a violation of her rights occurred within thirty days prior to filing her claim. Evans, 431 U.S. at 558-59; Woodard, 717 F.2d at 914-15. She has neither made nor attempted to make such a showing. Hence, the continuing violation theory is not a viable defense.
 
 
 15
 As Foote has likewise failed to allege any other misconduct by the agency which would support equitable tolling or estoppel, we affirm the district court's dismissal of her Title VII claim. We deny Foote's Motion for Appointment of Counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 This appeal was held in abeyance pending a decision in Stevens
 
 
 [2]
 An agency decision becomes final only when the agency has made a determination on all issues in the complaint. 29 C.F.R. § 1613.233(a)
 
 
 [3]
 We note that Foote is properly in federal court, because more than 180 days have passed since the filing of her appeal with the EEOC, and no final decision has issued. See 29 C.F.R. § 1613.281(d)